United States District Court
Northern District of California

1

2

3

4            UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    BASSAM AHMED MOHAMED AHMED,          Case No. 23-cv-04259-SI

8              Plaintiff,

9         v.                             **ORDER GRANTING DEFENDANTS'
                                          PARTIAL MOTION TO DISMISS
10   UR M. JADDOU, *et al*.,              PLAINTIFF'S FIRST AMENDED
                                          COMPLAINT**
11             Defendants.
                                          Re: Dkt. Nos. 18, 20

12

13        Defendants' partial motion to dismiss is scheduled for a hearing on March 8, 2024.  Pursuant

14   to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without

15   oral argument and VACATES the hearing.  For the reasons set forth below, the Court GRANTS the

16   motion.

17

18                              **BACKGROUND**[1]

19        Plaintiff Bassam Ahmed Mohamed Ahmed brings this civil action against defendants Ur

20   Jaddou, Alejandro Mayorkas, United States Citizenship and Immigration Services ("USCIS"),

21   Antony Blinken, and United States Department of State ("DOS"), seeking a declaration of United

22   States citizenship and issuance of a United States passport.  First Amended Compl. ("FAC") (Dkt.

23   No. 17).

24        Defendant USCIS is "the agency responsible for the administration and adjudication of

25   immigration benefits and services including, but not limited to, the instant N-600 application."  *Id.*

26

27        [1] Factual allegations are taken from the First Amended Complaint and are assumed true for
28   the purposes of a Motion to Dismiss.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.
     1987).

1    ¶ 17.  Defendant Ur Jaddou is the Director of the USCIS and is "generally charged with the overall

2    administration of benefits and immigration services including the adjudication of N-600

3    [a]pplications."  *Id*. ¶ 15.  Defendant Alejandro Mayorkas is the Secretary and "head" of the

4    Department of Homeland Security and is "charged with the administration of the [USCIS] and

5    implementation of the Immigration and Nationality Act."  *Id.* ¶ 16.  Plaintiff further alleges that

6    defendant Mayorkas has "ultimate decision-making authority over all matters relating to the

7    adjudication of N-600 [applications]."  *Id.*  Defendant Anthony Blinken is the United States

8    Secretary of State and is "generally charged with the overall management and administration of the

9    issuance of passports."  *Id*. ¶ 18.  Defendant United States Department of State ("DOS") is "the

10   [a]gency responsible for managing and administering the issuance of passports."  *Id*. ¶ 19.

11        Plaintiff entered the United States with a visitor visa on January 8, 2012, and submitted his

12   Form N-600 Application for Certificate of Citizenship to USCIS on August 3, 2012.  *Id*. ¶¶ 31-32.

13   On July 24, 2015, USCIS denied plaintiff's application because he had not established his

14   relationship to Ahmed Mohamed Ahmed, his alleged father, although Ahmed Mohamed Ahmed

15   had fulfilled the requisite ten years of physical presence prior to plaintiff's birth.  ¶ 33.  Plaintiff

16   filed an appeal of his N-600 denial on August 20, 2015, and in the meantime received his United

17   States passport from the Los Angeles Passport Agency on February 12, 2016.  *Id*. ¶¶ 34-35.

18        On December 9, 2020, USCIS reopened and remanded plaintiff's N-600 application for

19   review in light of plaintiff's issued passport.  *Id*. ¶ 37.  Through 2021, plaintiff submitted "numerous

20   inquiries" to USCIS to follow up on the status of his case.  *Id*. ¶ 38.  On November 15, 2021, plaintiff

21   advised USCIS that he was preparing to file a writ of mandamus to compel adjudication of his N-

22   600 application.  *Id*. ¶ 39.  On December 23, 2021, plaintiff attended an interview regarding his N-

23   600 application, and on January 3, 2022, a DNA testing company submitted the DNA testing of

24   plaintiff and his alleged siblings, Mohamed Ahmed Mohamed Ahmed and Rafiq Ahmed Mohamed

25   Ahmed, to USCIS.  *Id*. ¶¶ 40-42.

26        On January 18, 2022, plaintiff received a Notice of Passport Revocation from DOS, which

27   stated:

28        A review of your father's and half brother Rafi[q]'s immigration and

1
2
3
4
5

> passport records show that your parents Ahmed Mohamed Ahmed
> and Fatima Sabran Kassem Dahwan were married in 1982 instead of
> 1968 . . . Evidence indicates that your parents were also previously
> married to other individuals, Fatima Ahmed Ali[2] your father's first
> wife (Rafi[q]'s mother) and Mohamed Nasher Salem your mother's
> first husband . . . DNA results show that you are 99.99% related to
> your half brother Rafi[q] Ahmed who based on his immigration and
> passport records has a different biological mother (Fatima Ahmed
> Ali) than you and was legally adopted by your father Ahmed
> Mohamed Ahmed in 1982.

6   *Id.* ¶¶ 43-46.  Plaintiff alleges that Rafiq Ahmed Mohamed Ahmed is the biological child of Ahmed

7   Mohamed Ahmed and Fatima Ahmed Saleh, not an adoptee.  *Id.* ¶¶ 47.  Plaintiff further alleges that

8   the passport revocation does not acknowledge the full sibling match between plaintiff and Mohamed

9   Ahmed Mohamed Ahmed, another biological child of Ahmed Mohamed Ahmed and Fatima Ahmed

10  Saleh.  *Id.* ¶ 49.  According to plaintiff, because Mohamed Ahmed Mohamed Ahmed and Rafiq

11  Ahmed Mohamed Ahmed are the biological children of Ahmed Mohamed Ahmed and Fatima

12  Ahmed Saleh, "a full sibling match with [p]laintiff evinces they share the same father and mother."[3]

13  *Id.* ¶ 50.  Further, because "citizenship is passed through and by the father in this case, the biological

14  mother has no bearing . . . since Ahmed Mohamed Ahmed was legally married to both wives,

15  regardless of which wife is mother," thus "[p]laintiff was a child born in wedlock."  *Id.* ¶ 51.

16         On September 29, 2023, USCIS issued a denial of plaintiff's N-600 application, stating that

17  the DNA testing found plaintiff to be the "full" sibling of Mohamed Ahmed Mohamed Ahmed and

18  Rafiq Ahmed Mohamed Ahmed but did not establish Ahmed Mohamed Ahmed to be plaintiff's

19  father.  *Id.* ¶¶ 53, 56.  USCIS reasoned that plaintiff did not include the birth certificates of his

20  alleged full siblings but acknowledged that plaintiff provided their Certificates of Citizenship (both

21  Mohamed Ahmed Mohamed Ahmed and Rafiq Ahmed Mohamed Ahmed acquired United States

22  citizenship from Ahmed Mohamed Ahmed).  *Id.* ¶¶ 57-58.  USCIS also stated that plaintiff did not

23

24
25

[2] In his complaint, plaintiff refers to Ahmed Mohamed Ahmed's first wife as "Fatima Ahmed Saleh" but the Notice of Passport Revocation refers to her as "Fatima Ahmed Ali."  *See id.* ¶¶ 23, 45; Notice of Passport Revocation, Ex. HH.  It is unclear whether Fatima Ahmed Saleh and Fatima Ahmed Ali both refer to Ahmed Mohamed Ahmed's first wife.

26
27
28

[3] The parties disagree as to plaintiff's biological relationship with Rafiq Ahmed Mohamed Ahmed and Mohamed Ahmed Mohamed Ahmed.  Plaintiff alleges that he is their "full sibling" but the Notice of Passport Revocation states that plaintiff is the "half brother" of Rafiq Ahmed Mohamed Ahmed with "99.99% relat[ion]" and does not address plaintiff's relationship with Mohamed Ahmed Mohamed Ahmed.  *Id.* ¶¶ 46, 49, 60.

United States District Court
Northern District of California

1    establish that he was "legitimated" by Ahmed Mohamed Ahmed.  *Id*. ¶ 61.

2         Plaintiff's first amended complaint asserts the following causes of action: (1) Administrative

3    Procedure Act ("APA"), 5 U.S.C. § 706, as to all defendants, seeking a declaration of United States

4    citizenship, issuance of a United States passport, an injunction enjoining defendants from revoking

5    or refusing to renew plaintiff's passport on the basis of non-nationality, and re-adjudication of

6    plaintiff's N-600 application; (2) Immigration and Nationality Act, 8 U.S.C. § 1503, as to defendants

7    Jaddou, Mayorkas, and Blinken, seeking a declaration of United States citizenship; and (3)

8    Declaratory Judgment Act, 28 U.S.C. § 2201, as to all defendants, seeking a declaration of United

9    States citizenship and a declaration that defendants acted arbitrarily and capriciously in failing to

10   recognize plaintiff's United States citizenship.  *Id*.

11

12                                        **LEGAL STANDARD**

13        Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's

14   jurisdiction over the subject matter of the complaint.  As the party invoking the jurisdiction of the

15   federal court, the plaintiff bears the burden of establishing that the court has the requisite subject

16   matter jurisdiction to grant the relief requested.  *See Kokkonen v. Guardian Life Ins. Co. of America*,

17   511 U.S. 375, 377 (1994) (internal citations omitted).  A complaint will be dismissed if, looking at

18   the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually."

19   *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe*

20   *Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  When the complaint is challenged

21   for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be

22   taken as true and construed in the light most favorable to the plaintiff.  *NL Indus. v. Kaplan*, 792

23   F.2d 896, 898 (9th Cir. 1986).

24

25                                          **DISCUSSION**

26        The parties disagree on whether the Court has subject matter jurisdiction over plaintiff's

27   APA claim, or alternatively, whether plaintiff fails to state a claim under the APA.  The parties

28

United States District Court
Northern District of California

4

1    further disagree on whether plaintiff's request for injunctive relief is proper,[4] and whether the USCIS

2    and DOS are proper defendants.

3

4    **I.     APA**

5           Section 706 of the APA permits a reviewing court to "hold unlawful and set aside agency

6    action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or

7    otherwise not in accordance with law."  5 U.S.C. § 706.  Plaintiff claims that defendants acted

8    arbitrarily and improperly in "approving and then revoking" plaintiff's passport and denying

9    plaintiff's N-600 application despite "clear DNA evidence" that plaintiff is the "full biological

10   match to the siblings who previously obtained citizenship through their father," Ahmed Mohamed

11   Ahmed.  FAC ¶¶ 99-102.

12          Defendants move to dismiss plaintiff's APA claim for lack of subject matter jurisdiction

13   pursuant to Rule 12(b)(1), or alternatively, failure to state a claim pursuant to Rule 12(b)(6).

14   Defendants contend that plaintiff's second cause of action pursuant to 8 U.S.C. § 1503(a) provides

15   an adequate remedy and therefore precludes simultaneous review under the APA.  Plaintiff responds

16   that "[c]ases where the sole issue is a passport revocation on the basis of non-nationality may

17   preclude simultaneous review" but an APA claim may stand "where there is a separate basis."  Dkt.

18   No. 20 at 5.  Plaintiff argues that his APA claim offers an "adequate measure" to address the

19   "separate" claims regarding the "process, policies and procedures employed by [d]efendants," for

20   which a declaration of citizenship pursuant to 8 U.S.C. § 1503(a) "does not provide an adequate

21   remedy."  *Id*. at 5-6.

22          Section 704 of the APA limits judicial review to agency actions "for which there is no other

23   adequate remedy in a court."  In enacting the statute, "Congress did not intend the general grant of

24

25          [4] Defendants move to dismiss plaintiff's "claim for injunctive relief in Count Three," citing
     paragraphs 116-120 of the FAC. Dkt. No. 18 at 7. However, paragraphs 116-120 of the FAC pertain
26   to Count Two, and Count Three is brought under the Declaratory Judgment Act and does not seek
     injunctive relief.  Plaintiff states in his opposition brief that he does not seek injunctive relief in
27   Count Two, although plaintiff requests "immediate issuance of his United States passport and
     Certificate of Citizenship" under Count Two in the FAC.  Dkt. No. 20 at 7; FAC ¶ 122.  Plaintiff's
28   prayer for relief does seek various forms of injunctive relief, and the Court will evaluate whether
     plaintiff is entitled to seek injunctive relief.

5

1    review in the APA to duplicate existing procedures for review of agency action." *Bowen v.*

2    *Massachusetts*, 487 U.S. 879, 903 (1988); *see also Cent. Platte Nat. Res. Dist. v. U.S. Dep't of*

3    *Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011) ("A party may advance an APA claim as well as another

4    type of claim only if the APA claim does not duplicate existing procedures for review of an agency

5    action") (internal citation and quotation marks omitted).   Under 8 U.S.C. § 1503(a), a plaintiff is

6    entitled to a *de novo* review of denial of any "right or privilege" of citizenship, including passport

7    revocations and denials of N-600 applications.  *See Moncada v. Pompeo*, Case No. 2:19-cv-01293-

8    AB-AGRx, 2020 WL 1079301, at *3 (C.D. Cal. Feb. 3, 2020) (dismissing plaintiff's APA claim

9    regarding his passport revocation because 8 U.S.C. §  1503(a) provides an adequate remedy in court)

10   (citing *Washington Toxics Coal. v. EPA*, 413 F.3d 1024, 1034 (9th Cir. 2005), *abrogated on other*

11   *grounds*); *Harris v. Dep't of Homeland Sec.*, 18 F. Supp. 3d 1349, 1359 (S.D. Fla. 2014), *as amended*

12   (May 8, 2014) (dismissing plaintiff's APA claim regarding the denial of his N-600 application

13   because "special statutory-review proceedings under § 1503(a) already exist").

14          Here, all of the relief sought in the FAC relates to plaintiff's request for a declaration of U.S.

15   citizenship and the reissuance of his U.S. passport.   Although the FAC includes "Background

16   Information Regarding the Government's Policy of Stymying Yemeni Migration to the United

17   States," the APA cause of action does not include any challenge to those policies.   In addition,

18   plaintiff's reliance on *Saleh v. Pompeo*, 393 F. Supp. 3d 172, 180 (E.D.N.Y. 2019), is misplaced.

19   In that case, the court held that the plaintiff could bring a claim under the APA regarding the

20   revocation of his passport because, under the facts of that case, "Saleh may not bring a claim under

21   8 U.S.C. § 1503(a), and there are no alternative avenues for judicial review." *Saleh*, 393 F. Supp.

22   3d at 181.  Here, there is no dispute that plaintiff may seek relief regarding his passport revocation

23   and the denial of his N-600 application under the second cause of action.   Thus, the Court agrees

24   with defendants that 8 U.S.C. §1503(a) provides an adequate remedy and dismisses plaintiff's APA

25   claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

26

27   **II.    Injunctive Relief**

28          In his Prayer for Relief, plaintiff seeks an injunction ordering defendants to re-issue him a

United States District Court
Northern District of California

1   United States passport, enjoining defendants from revoking or refusing to renew his passport on the

2   basis of non-nationality, and the readjudication of his N-600 application. *See* FAC Prayer for Relief.

3   Defendants contend that plaintiff is not entitled to injunctive relief because 8 U.S.C. § 1503(a)

4   provides only for a declaration of citizenship.[5]  Plaintiff's opposition brief clarifies that his request

5   for injunctive relief "relates to his cause of action under the APA." Dkt. No. 20 at 7.  Because the

6   Court has dismissed plaintiff's APA claim, the Court strikes plaintiff's requests for injunctive relief

7   in the Prayer for Relief.

8

9   **III.    Improper Defendants**

10          Plaintiff's cause of action under 8 U.S.C. § 1503(a) is properly brought only against the

11   individual defendants Jaddou, Mayorkas, and Blinken.  The APA and Declaratory Judgment claims

12   are alleged against the individual and agency defendants.  Because the Court has dismissed the APA

13   claim, the Court finds it appropriate to dismiss the agency defendants from plaintiff's cause of action

14   under the Declaratory Judgment Act because 28 U.S.C. § 2201 "[does] not enlarge[] the jurisdiction

15   of the courts over subject matter and parties." *Benson v. State Bd. of Parole & Prob.*, 384 F.2d 238,

16   239 n.4 (9th Cir. 1967), *cert. denied*, 391 U.S. 954 (1968).  Accordingly, the USCIS and DOS are

17   dismissed as defendants for lack of subject matter jurisdiction.

18

19                                **CONCLUSION**

20          For the foregoing reasons and for good cause shown, the Court hereby GRANTS in its

21   entirety defendants' partial motion to dismiss plaintiff's cause of action under the APA, plaintiff's

22   request for injunctive relief, and defendants USCIS and DOS.

23          **IT IS SO ORDERED**.

24   Dated: March 5, 2024

25                                                    SUSAN ILLSTON
                                                     United States District Judge

26

27
          _____
28          [5] Under 8 U.S.C. § 1503(a), a person who claims a right or privilege as a national of the
     United States and is denied such right or privilege "may institute an action under the provisions of
     section 2201 of Title 28 . . . for a judgment declaring him to be a national of the United States."