UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BASSAM AHMED MOHAMED AHMED,

Plaintiff,

v.

JOSEPH B. EDLOW, et al.,

Defendants.

Case No.  23-cv-04259-SI

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Re: Dkt. No. 79

Plaintiff Bassam Ahmed Mohamed Ahmed initiated this action against Defendants Joseph B. Edlow, Director of United States Citizenship and Immigration Services; Kristi Noem, Secretary of the United States Department of Homeland Security; United States Citizenship and Immigration Services; Marco Rubio, Secretary of the United States Department of State; and United States Department of State[1] (collectively, "defendants") seeking a writ of mandamus compelling defendants to adjudicate his N-600 Application for Certificate of Citizenship and issue him a U.S. passport.  *See* Dkt. No. 1 (Compl.).  On September 23, 2025, the Court granted plaintiff's request for declaratory relief and entered judgment accordingly.  Dkt. Nos. 70, 71.

Now before the Court is plaintiff's Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), which seeks $159,582 in fees and $10,125.12 in costs.  Dkt. No. 79 (Mot.).  Defendants filed an opposition, and plaintiff filed a reply.  Dkt. No. 83 (Opp'n); Dkt. No. 84 (Reply).  The Court held oral argument on March 13, 2026.  Dkt. No. 86.  For the reasons set forth below, the Court DENIES plaintiff's Motion.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Edlow, Noem, and Rubio were automatically substituted as defendants.

**LEGAL STANDARD**

Under the EAJA, a litigant in a civil action against the United States is entitled to reasonable attorneys' fees and costs if he or she is a "prevailing party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Abela v. Gustafson*, 888 F.2d 1258, 1262 (9th Cir. 1989) ("[T]he EAJA applies to fees incurred in contested proceedings for naturalization" which "are 'civil actions' and, when contested, are adversarial."). A court may therefore award fees if it finds "(1) that the claimant [is] 'a prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application [is] submitted to the court within 30 days of final judgment in the action and [is] supported by an itemized statement." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019) (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)).

**DISCUSSION**

The first, third, or fourth factors are not at issue; the parties dispute only the third factor—whether defendants' position was not "substantially justified."[2]  Plaintiff argues that defendants were not substantially justified in revoking plaintiff's passport and denying him U.S. citizenship because he established that his father, Ahmed Mohamed Ahmed, was a U.S. citizen. Mot. at 9–12. Defendants contend that their positions were substantially justified in light of conflicting evidence and representations regarding plaintiff's familial relationships. Opp'n at 8–17.

"Where, as here, a movant under the EAJA has established that it is a prevailing party, the burden is on the government to show that its litigation position was substantially justified on the law and the facts." *Ibrahim*, 912 F.3d at 1167 (citation modified). "Substantially justified" means that "the government's position need not be correct, but it must be 'justified to a degree that could satisfy

---

[2] Defendants do not respond to, and thus concede, plaintiff's arguments that he is the prevailing party and that his motion is timely. *See Lansdown v. Bayview Loan Servicing, LLC*, No. 22-CV-00763-TSH, 2023 WL 2934932, at *4 (N.D. Cal. Apr. 12, 2023) (A party's "failure to respond in an opposition to an argument constitutes waiver or abandonment, and thus [a] conce[ssion] [of] the argument.") (citation modified).

United States District Court
Northern District of California

a reasonable person.'" *Su v. Bowers*, 89 F.4th 1169, 1176 (9th Cir. 2024), *cert. denied sub nom. Bowers + Kubota Consulting, Inc. v. Su*, 145 S. Ct. 372 (2024) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565–66 & n.2 (1988)).  In other words, the position must have a "reasonable basis both in law and fact." *Pierce*, 487 U.S. at 565.

This is an "inclusive" test, meaning that courts "consider whether the government's position as a whole has a reasonable basis in both law and fact." *Ibrahim*, 912 F.3d at 1168 (citation modified); *see id.* at 1169 (While '[a]ny given civil action can have numerous phases,' . . . the Supreme Court clearly instructed . . . that 'the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items.'") (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161−62 (1990)) (brackets in the original).  This requires courts to "examine 'the position on the merits' and consider any 'extraneous circumstances bearing upon the reasonableness of the government's decision.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (en banc) (citation omitted).

Given the convoluted and conflicting evidence presented at the agency proceedings, defendants were substantially justified in denying plaintiff a certificate of citizenship and revoking his U.S. passport.  Defendants were also substantially justified in seeking discovery during the litigation, particularly given the contradictory allegations and arguments that plaintiff made in his First Amended Complaint ("FAC") and his Motion for Summary Judgment.[3]  Moreover, as plaintiff moved for summary judgment before conducting discovery (*see* Dkt. No. 42), the inconsistencies raised in his motion confirmed the need for depositions.  Once discovery confirmed that plaintiff was entitled to U.S. citizenship, defendants issued him a Certificate of Citizenship and passport. Dkt. Nos.  66, 55-6, 55-7.

At the hearing, plaintiff argued that "at the beginning of this case" his counsel explained to defendants "exactly what was going on" and prepared supporting declarations signed under penalty

---

[3] For instance, the FAC alleges that Fatima Ahmed Saleh and Fatima Sabran Kassem Dahwan are two different individuals, each of whom married plaintiff's father.  Dkt. No. 17 ¶¶ 23, 25.  The FAC further alleges that  "[a]lthough Plaintiff's Birth Certificate indicates that his mother is Fatima Sabran Kassem Dahwan," his "true mother is Fatima Ahmed Saleh." *Id.* ¶¶ 25–28.  At summary judgment, however, plaintiff argued that "Fatima Ahmed Ali and Fatima Sabran Qasem Da[h]wan are the same person[.]"  Dkt. No. 40 at 7.

United States District Court
Northern District of California

of perjury.  3/13/26 Hr'g at 10:10–11.  But defendants were not required to accept counsel's representations at face value and were entitled to verify them via discovery.  The written declarations also did not moot the need for depositions, as live testimony allowed defendants to better assess witnesses' credibility.

Given this history, defendants' positions during the agency proceedings and the instant litigation were substantially justified.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for attorneys' fees.

**IT IS SO ORDERED**.

Dated: March 17, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

4